**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



**Dated: April 05 2010**

_____
Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 10-30820 |
| | ) | |
| Tina Marie Markins | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

## ORDER

The court held a hearing on March 31, 2010, on Debtor's Amended Motion to Return Title and Termination of Webtech Device on Vehicle [Doc. # 10]. An Attorney appearing on behalf of Debtor appeared at the hearing. There was no appearance at the hearing on behalf of Instant Credit Repair LLC at which the motion is directed.

Debtor commenced this Chapter 7 case on February 18, 2010, upon which an automatic stay of pre-petition creditor collection actions arose under 11 U.S.C. § 362(a). Notice of commencement of the case and of the automatic stay was given by Clerk by first class United States mail, postage prepaid, on February 21, 2010. A copy of that notice was sent to Instant Credit Works LLC, at 1331 Broad Ave., Unit 10, Findlay, OH 45840-2654. [Doc. ## 5,6]. The notice sent to Instant Credit Works LLC has not been returned as undeliverable. [*See* Doc. # 4].

Debtor filed her amended motion on March 11, 2010. A copy was served on Instant Credit Works LLC on March 11, 2010, including the notice required by Local Bankruptcy Rule 9013-1 requiring a

response to the motion be filed within 10 days. No response contesting the allegations of the motion has been filed. The court set the motion for hearing by order entered on March 15, 2010, and served on Instant Credit Works LLC at the same address by first class mail sent on March 17, 2010. [Doc. ## 12,13].

The uncontested factual averments of Debtor's amended motion state that Instant Credit Works LLC is an unsecured creditor of Debtor's, that pre-petition Instant Credit Works LLC installed an electronic Webtech device on her 2001 Chevy Venture motor vehicle to remotely disable it from running upon a default in payment by Debtor and that pre-petition it obtained Debtor's vehicle title by deception and has retained same without legitimate reason.

Using remote electronic disabling devices on motor vehicles after the commencement of a bankruptcy case is well-established as a violation of the automatic stay. S*ee, e.g., In re Dawson*, Case No. 05-22369, 2006 Bankr. LEXIS 3294 (Bankr. N.D. Ohio, Nov. 29, 2006); *In re Garner*, Case No. 09-81998, Bankr. LEXIS 721 (Bankr. M.D.N.C., Mar. 9, 2010)(sanctions awarded against creditor using such a device ); *cf. Grisard-Van Roey v. Auto Credit Center, Inc. (In re Grisard-Van Roey)*, 373 B.R. 441 (Bankr. D.S.C. 2007). Instant Credit Works LLC's retention of the title to Debtor's motor vehicle as an effort to coerce payment of, in this instance, an unsecured prepetition debt subject to discharge also violates the automatic stay.

For good cause shown,

**IT IS THEREFORE ORDERED** that Debtor's Debtor's Amended Motion to Return Title and Termination of Webtech Device on Vehicle [Doc. # 10] is **GRANTED**; and

**IT IS FURTHER ORDERED** that Instant Credit Works LLC shall return to Debtor unencumbered the original certificate of title to her 2001 Chevy Venture motor vehicle on or before **April 27, 2010**; and

**IT IS FURTHER ORDERED** that Instant Credit Works LLC shall immediately turn off the Webtech device installed on Debtor's 2001 Chevy Venture or, in the alternative, provide Debtor at no charge with all codes necessary to prevent disabling of her vehicle pending removal of the system therefrom; and

**IT IS FINALLY ORDERED** that Instant Credit Works LLC shall then make arrangements with Debtor on or before **April 27, 1020**, to remove permanently at no charge from her 2001 Chevy Venture the Webtech device installed thereupon, and to provide her evidence of its removal. Arrangements for removal must be made by April 27, 2010, with removal to occur within 45 days of the date of this order.